378

Original
No. 7152

## *In re* PETITION OF DOVER POLICE DEPARTMENT

June 30, 1975

*Douglas C. Gray,* city attorney, orally for the Police Department.

*Walter A. Calderwood,* by letter, in support of the petition.

*Anthony A. McManus,* by letter and orally, against the petition.

*Arnold P. Hanson,* by letter, against the petition.

*William P. Shea, T. Casey Moher, Philip C. Keefe* and *Samuel L. Hays,* orally, against the petition.

### MEMORANDUM OPINION

Petition seeking the approval of this court of an order subject to such approval made by the Justice of the Dover District Court ( *Calderwood,* J.), which granted a petition of the Dover Police Department for the adoption of a rule of court permitting the use of closed circuit television cameras and audio equipment within the district courtroom. The petition alleged that "in order to assist in, and improve upon the security of the district court" such equipment is to be used by members of the police department to monitor "activity during court sessions". This use is to be made subject to certain "provisions" contained in the petition.

The use sought to be approved comes within the inherent power of the judiciary over the operation of its courts. *See* ABA Code of

Judicial Conduct 3A (2) and (7) (1974); Supreme Court Rule 25, RSA 490:App. R 25 3A (7) (Supp. 1973). The general use of television cameras and audio equipment in courtrooms during trials has been the subject of much debate with divergent conclusions. In answer to a request to continue this same use of such equipment for security purposes, this court on June 7, 1974, stated: "we note that Supreme Court Rule 25, Canon 3A 7 (b) prohibits television in the courtroom unless 'authorized by rules of court' . . . we think it would be wise to discontinue the same until such time as rules are studied, adopted and approved." *See* Rule 1.4, Rules of The District and Municipal Courts (1975).

It is generally agreed that a most important factor in the effectiveness of rules of court is uniformity in their operation. Our legislature recognized this when it created an administrative committee of the district and municipal courts. RSA 502-A:18. One of the important functions conferred on this committee was "to recommend uniform rules, practices and procedures for conducting the business of said courts." *Id.* The judges of these courts themselves subscribed to this same need of uniformity when they formed an association to discuss their mutual problems.

Accordingly, we are of the opinion that we should withhold action on the present petition until a study is made of this subject by the administrative committee of the district and municipal courts (RSA 502-A:18) in conjunction with a committee named by the New Hampshire Judges Association and until a report is filed with this court. Meanwhile, security of the courtrooms can be insured by the presence of a police officer as is the usual custom.

*So ordered.*